## WHITE et al. v. UNITED STATES.
### No. 12689.

United States Court of Appeals
Ninth Circuit.

Dec. 28, 1951.

Rehearing Denied Jan. 29, 1952.

P. J. Gallagher, Martin P. Gallagher, Ontario, Or., for appellant.

A. Devitt Vanech, Asst. Atty. Gen., Henry L. Hess, U.S. Atty., Portland, Or., William H. Veeder, Sp. Asst. to the Atty. Gen., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

This was an action by the appellants, owners of a parcel of land in the State of Oregon, against the United States, to recover damages they claim to have suffered when their lands were deprived of water for a period of three weeks in July, 1946, because of breaks in the canal of the Owyhee Irrigation project. The project had been constructed by the United States pursuant to the Reclamation Act of 1902, 32 Stat. 388, as supplemented and amended, 43

U.S.C.A. § 373 et seq. The Whites' lands were irrigable under the project, and were within the boundaries of the Owyhee Irrigation District which had executed a contract with the United States in which, among other things, the District agreed to reimburse the United States for construction, operation and maintenance costs incurred by it in connection with the project.

In appellants' complaint liability was predicated upon specified acts of negligence charged in respect to the construction and maintenance of the canal by the United States, which the complaint asserts, gave rise to liability under the Tort Claims Act of August 2, 1946.[1] The pre-trial order, however, set forth that appellants claimed that under its contract with the Irrigation District the United States owed a duty to furnish this water to the plaintiffs who were the real parties in interest under the contract. Appellants also claimed they were entitled to recover, as for a tort, under the Tort Claims Act. They asserted that it was immaterial whether their claim was founded on contract or tort: that if the facts show a tort, the Act mentioned suffices; and if the facts developed indicate a contractual relationship, appellants are entitled to relief under the Tucker Act.[2]

The trial court held that it "makes no difference whether the Whites could sue on the contract or not, either in tort or contract", that "under the law of Oregon, by assuming the operation and maintenance of the canal, the Government became a common carrier of water. It thereby incurred the duty to use reasonable care to effect delivery to the Whites * * *. And, since this is all that the plaintiff asks of the Government, whether on the theory of contract, tort based on contract or as a result of the duty established by the laws of the state upon one assuming to act as common carrier of water * * * the same basis for recovery is laid." The court found that "it was the duty of defendant to exercise reasonable care at all times herein involved in the construction, operation, maintenance and repair of the north canal, including proper inspection and for all purposes per-

tinent in these cases." But the court also found that "The plaintiffs failed to prove by a preponderance of the evidence that the defendant failed to exercise that degree of care". Judgment was therefore for the United States.

Appellants say that the court erred in that it evaluated the evidence "on the basis of a pure tort instead of on the basis of omission to perform a contractual duty". They contend that the United States was obligated by its contract to deliver water to them; that when it failed to make delivery, it had the burden "to exculpate itself from liability". It is said that appellants made a prima facie case by "proving the contract and failure to deliver water in accordance with its terms and consequent damage to their crops", and that the court went astray in holding that they had the burden of proving that their loss was proximately caused by some negligence on the part of the United States or its representatives.

It is a short answer to this contention that the record discloses no such contract to deliver water to the appellants. The only contract proven was one between the United States and the Owyhee Irrigation District. And even if it could be said that it was a contract expressly made for the benefit of appellants and other landowners, and that therefore they might sue thereon, yet the only provision therein relating to delivery of water expressly negatives any liability for failure by the United States. It recites: "On account of drought, inaccuracy in distribution, or other causes, there may occur at times a shortage in the water supply for lands of the District, and while the United States will use all reasonable means to guard against such shortage, in no event shall any liability accrue against the United States, its officers, agents or employees for any damage, direct or indirect, arising therefrom, nor shall any obligation provided for herein be reduced because of any such shortage or damage."

It was stipulated that the appellant Sheff White had, in a contract with the District, expressly consented to the terms of the District's contract with the United States, and

---

1. Then Title 28 U.S.C.A. § 931, now Title 28 U.S.C.A. § 1346(b).

2. Title 28 U.S.C.A. § 1346(a).

that none of the appellants objected to the court confirmation of that contract, but all of them accepted and enjoyed the benefits thereof.

If, therefore, it can be said that appellants are bound by the terms of that contract, the provision quoted above would appear to negative not only any contractual duty to deliver water to appellants, but also any liability of any character on account of water shortage whether "on account of drought, inaccuracy in distribution, or other causes."

Were we required to determine here whether there existed, between the United States and these landowners under the project, such a relationship as to give rise to a duty of care in respect to the delivery of water, or a duty to these appellants to exercise reasonable care in the construction, operation or maintenance of the canal, we would then have to deal with a problem not free from doubt.[3] But that is a bridge we shall not cross for the trial court, proceeding upon the assumption that such a duty did exist, has found a want of sufficient proof. The evidence upon the question of negligence and of lack of reasonable care was conflicting, and we cannot say that the court's finding was clearly erroneous.

Upon this matter appellants say that the court erred in failing to give them the benefit of the rule of res ipsa loquitur. It is said that the conditions for the application of that rule were all present here. The canal had been constructed by the United States. Although the contract with the district contemplated that ultimately operation of the system would be turned over to

the district, or to a board of control representing the district, yet such had not been accomplished, and operation and maintenance of the canal was in the charge of the United States exclusively. No doubt it can be said that what happened to it was something which in the ordinary course of things does not occur if the one having control uses proper care. So, say appellants, the very occurrence of the breaks in the canal furnished sufficient evidence of negligence.

This contention must be tested by "the law of the place where the act or omission occurred." A late statement of the office of the doctrine of res ipsa loquitur is found in Ritchie v. Thomas et al., 190 Or. 95, 224 P.2d 543, 550, decided after judgment was entered below. There, stating the rule said to have been forecast by the "more recent and better reasoned cases in Oregon", the court said that res ipsa loquitur "gives rise to an inference of negligence, permissible, but not mandatory", and that "it does not raise any presumption of law". Accordingly it was there held that a court is not required to instruct the jury upon the application of the rule. The court expressly adopted the statement made by Dean Prosser:[4] "The jury may accept the inference, but it is not compulsory, and if they see fit to find for the defendant they are free to do so. In other words, the inference makes enough of a case to get to the jury and no more."

Here the trial judge was weighing the evidence in much the same manner as a jury might do. We think that when he found res ipsa loquitur not applicable, he was doing no more than a jury might do

3. If, as the United States asserts, the contract was with the district alone, and not with these claimants, the question arises whether there existed between the parties here sufficient relationship to give rise to a duty of care. Note the discussion of the general problem by Cardozo, C. J., in H. R. Moch Co. v. Rensslaer Water Co., 247 N.Y. 160, 159 N.E. 896, 898, 62 A.L.R. 1199. Compare Harper v. Interstate Brewery Co., 168 Or. 26, 120 P.2d 757.

If appellants are treated as parties to the district's contract, the question arises whether the stipulation that "in no event shall any liability accrue", etc., is for

some reason invalid. Even though a private carrier may not stipulate against liability for its own negligence, it does not necessarily follow that the United States may not do so. The public policy behind the rule as to a private carrier might not apply where the Government has advanced public funds, repayable over a long term of years, but without interest, in order to provide water for these arid lands. Such a limitation of liability might possibly be essential to effectuate the policy of the reclamation laws.

4. "Res Ipsa Loquitur in California", 37 Cal.L.Rev. 183.

when it declines to draw a merely permissible inference. In substance, what the trial court held was that notwithstanding the exclusiveness of the control of the canal, and the character of the accident, these circumstances were insufficient to persuade him, as the finder of fact, to draw an inference of negligence. We think the court simply found that not only the direct testimony, but the circumstantial evidence as well, were insufficient to establish negligence.

Since we think this finding was not clearly erroneous, the judgment must be affirmed.