**INDIAN TOWING CO., Inc. et al.**

v.

**UNITED STATES.**

**No. 14747.**

United States Court of Appeals, Fifth Circuit.

April 22, 1954.

Richard B. Montgomery, Jr., New Orleans, La., for appellant.

M. Hepburn Many, Asst. U. S. Atty., New Orleans, La., Paul A. Sweeney, Chief Appellate Sec., Dept. of Justice, Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., George R. Blue, U. S. Atty., New Orleans, La., Leavenworth Colby, Atty., Dept. of Justice, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

PER CURIAM.

Brought under the Federal Tort Claims Act, Sec. 1346(b) Title 28 U.S.C., the suit was for cargo damage from the wetting of the cargo of the Barge AS–16, while in tow of the tug "Navajo", as a result of the grounding of the tug on Chandeleur Island on or about October 1, 1951, "due solely to the failure of the light on the island."

The claim was that the failure of the light was due to the negligence of Chief Petty Officer Stone and other officers and members of the Coast Guard in charge of "aids to navigation" in failing to properly check the light to see whether it was operating properly between September 7th and October 1st, and that the grounding of the tug was due to the negligence of the Coast Guard in maintaining and servicing the light and in not notifying vessels that it was not functioning.

The United States filing a motion to dismiss, the motion was sustained on the authority of Dalehite v. U. S., 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

Appealing from the order, appellants are here insisting that the facts alleged as ground for recovery here do not bring the case within the facts of, or the reasons for, the decision in the Delehite case while appellee as vigorously insists that that decision and the decision in the Feres case [1] are controlling here.

We are of the clear opinion that this is so, and that, under the principles, governing the liability of the United States under the invoked act, laid down in those cases, the judgment must be affirmed.

Affirmed.

1. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.