**GOODWILL INDUSTRIES OF EL PASO**

v.

**UNITED STATES of America.**

No. 15070.

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1954.

Ted Andress, El Paso, Tex., Andress, Lipscomb & Peticolas, El Paso, Tex., of counsel, for appellant.

Francis C. Broaddus, Jr., Asst. U. S. Atty., El Paso, Tex., Charles F. Herring, U. S. Atty., Austin, Tex., for appellee.

Before HOLMES and TUTTLE, Circuit Judges, and ALLRED, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing an action, brought by appellant against the United States, under the Federal Tort Claims Act, for damages for loss of property caused by the alleged negligent acts and omissions of government employees. 28 U.S.C. § 1346(b). The court below dismissed the complaint on the ground that it failed to state a cause of action because it came within the exceptions to jurisdiction provided by Section 2680(a), Title 28 of the United States Code.

The complaint alleged that the appellant had clothing and personal property stored in locked buildings at Rio Vista Farm in El Paso County, Texas; that said Rio Vista Farm had been designated as a reception center for migratory Mexican workers, pursuant to an act of Congress; and that employees of the United States Labor Department moved a large number of such workers upon Rio Vista Farm where, by reason of the failure of said employees properly to supervise their activities, the said workers broke into the locked buildings and stole the property belonging to appellant.

The motion to dismiss was sustained on the basis of the provisions contained in Section 2680(a) of Title 28 United States Code, which provides that said section shall not apply to any claim based on the act or omission of an employee of the government, exercising due care, in the execution of a statute or regulation, whether or not the statute or regulation be valid, or based upon the exercise or performance of, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or of any employee of the government, whether or not the discretion involved be abused.

Appellant contends that the above exceptions are not applicable, because (a) the government was not exercising a governmental function, but only a proprietary function in the handling of the migratory workers, and (b) the acts and omissions alleged in the complaint did not involve the exercise of discretion by high level executives, but only involved the proper execution of ministerial acts.

■ It is contended by the government that the acts complained of on which the appellant based its claim for relief fall within the exceptions to the Act and, accordingly, are not within the jurisdiction of the district court. We think that the district court properly held that appellant's claim fell within the exceptions and that the dismissal for want of jurisdiction was free from error. Immunity of the sovereign from suit is an ancient principle of the law, which is applicable in actions upon a contract or in tort, but the sovereign may, by express statutory provisions, waive this immunity; and the United States has waived it in part.

In Dalehite v. U. S., 346 U.S. 15, 73 S.Ct. 956, 968, 97 L.Ed. 1427, the court said: "It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable."

■ The Congress of the United States enacted the fundamental law governing the importation of migratory Mexican workers. Such law provides for the recruiting of such laborers, and

the establishment and operation of reception centers. The Migrant Labor Agreement of 1951 was entered into pursuant to the law enacted by Congress. U.S. Code Cong. & Administrative Service, 1951, Vol. 2, pp. 2713–29. The details or methods of carrying out the plan for the transportation, housing, and processing, of Mexican workers, under direction of the United States Labor Department, constitute a discretionary act within the meaning of Section 2680(a), which would render the government not liable for damage resulting from an abuse of that discretion.

The appellant's complaint makes no allegation as to what details the overall plan contained in ordering the Mexican workers to be moved onto the Rio Vista Farm. It makes no allegation as to any order concerning the plan or any of its details which were violated by any particular employee. It fails to mention any particular employee or any particular act which any particular employee did in a negligent manner or negligently failed to do. In the broadest terms, the appellant attempts to place responsibility on the United States for having brought Mexican workers into this country in compliance with the legislation enacted by Congress.

■ There is no analogous or comparable liability of private persons under state law upon which to predicate federal governmental liability in this case. The Federal Tort Claims Act limited the liability of the United States to the same extent and in the same manner as that of a private individual in similar circumstances. 28 U.S.C. § 2674. To impose liability here would be to hold the United States liable in tort for failure to provide adequate police protection within the domain of the state of Texas. It would be like holding the government liable for failure to impose a quarantine for "an outbreak of foot and mouth disease." Dale Hite v. U. S., supra. The basic statute grants exclusive jurisdiction of civil actions against the United States for money damages for loss of property "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (b). The place where the alleged act or omission occurred in the instant case was El Paso County, Texas.

■ In summation, it follows that the appellant cannot recover against the United States: (a) for absolute liability without fault; (b) for novel and unprecedented causes of action; (c) for breaches of duty which are not held actionable under the law of the state where the injury occurred; (d) for acts or omissions of governmental employees who could not be held liable individually; (e) for acts or omissions of governmental employees in carrying out statutes or regulations; or (f) for acts of governmental employees involving a discretionary function, whether or not the discretion involved be abused. Feres v. U. S., 340 U.S. 135, 71 S.Ct. 153, 157; Dalehite v. U. S., 346 U.S. 15, 73 S.Ct. 956, 97 L. Ed. 1427; Sickman v. U. S., 7 Cir., 184 F.2d 616; U. S. v. Inmon, 5 Cir., 205 F.2d 681; National Mfg. Co. v. U. S., 8 Cir., 210 F.2d 263; Strangi v. U. S., 5 Cir., 211 F.2d 305; Indian Towing Co. v. U. S., 5 Cir., 211 F.2d 886; Danner v. U. S., D.C., 114 F.Supp. 477.

Accordingly, the judgment appealed from is affirmed.

Affirmed.