**DESERT BEACH CORPORATION, a corporation, Plaintiff,**

v.

**The UNITED STATES of America, Imperial Irrigation District, Coachella Valley County Water District, Does 1 to 100, Inclusive, Defendants.**

**Civ. A. No. 15969.**

United States District Court, S. D. California, Central Division.

Jan. 7, 1955.

Overton, Lyman, Prince & Vermille, by Wm. Paul Wood, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty. for Southern Dist. of California, by Max F. Deutz, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

Harry W. Horton, Reginald L. Knox, Jr., of Horton & Knox, El Centro, Cal., for Imperial Irr. Dist.

Earl Redwine, Riverside, Cal., for Coachella Valley County Water Dist.

TOLIN, District Judge.

This is an action to recover damages for the alleged trespass and negligence of the defendants. Each of the three named defendants moved to dismiss the original complaint, and the defendants Coachella and Imperial also moved for a more definite statement. Following dismissal of the original complaint as to defendant United States, the plaintiff filed an amended complaint. The matter is now before the Court on defendant United States of America's motion to dismiss; and on defendants Coachella and Imperial's motions to dismiss, and motions for a more definite statement.

Generally, the complaint alleges that the plaintiff is the owner of extensive, developed resort property bordering the Salton Sea, and that as a result of irrigation and canal operations, the level of the lake has risen so as to effectively inundate the plaintiff's property.

■ The defendant United States moves for dismissal of the amended complaint on two grounds: (1) that the complaint fails to state a cause of action upon which relief can be granted; and (2) that the Court is without jurisdiction over the subject matter or the person of the defendant United States. The argument of the United States contains five principal subdivisions. The first contention appears to be that since the complaint does not, and cannot[1], claim liability on the negligent *construction* of the canals, it therefore must be based on *absolute liability,* a ground which plaintiff admits does not give rise to liability on the part of the Federal Government[2]. The Court does not so narrowly construe the complaint. A general reading of the complaint indicates that it alleges the negligent *maintenance* and lack of proper repair of the canals.

"11. Defendants * * * *have* at all times herein mentioned known of said drainage, seepage, percolation, wasting and spilling of said waters, and have known of the damage to plaintiff's lands and properties as aforesaid which said knowledge accrued to said defendants while defendants and each and all of them were acting within the scope of their authority. Said defendants, and each of them, *negligently* permitted same to continue and *neglected,* failed, and refused, and continue to *neglect,* fail and refuse, to take action of a remedial nature to correct and eliminate said drainage, seepage, wasting and percolation of said water, and to prevent the raising of the level of the waters of said Salton Sea and the damage by said waters to plaintiff's said property as aforesaid." (Emphasis supplied.)

The Government also alleges that it merely built the canals and that the other defendants maintained and operated the canals and since the alleged negligence and damages are concerned only with the maintenance and operation, the complaint should be dismissed as to the United States. Paragraph 6 of the complaint does state that the canals have been and are now used by the defendants Imperial and Coachella to convey water. Taken alone, this Paragraph might support the Government's position. However, other parts of the complaint hereafter quoted, indicate that plaintiff's contention is that the negligent acts of maintenance were committed by Does 26 to 100, who are employees of the United States. If it could be summarily established or if it were admitted that, in fact, the United States had no part in the maintenance and operation of the canals, it might be proper to present such matter by way of a motion for summary judgment. However, on the present status of the pleadings it cannot be found that no claim is stated against the United States.

■■ The Government next contends that the complaint fails to allege negligence of any specific employee of the United States. To quote from the complaint:

"The liability of the defendant The United States of America herein asserted arises out of the said acts or omissions of the said defendants Doe 26 through 100, Inclusive, which were performed by said Doe defendants, and each of them, each while acting within the respective scope of his office or employment under circumstances where said defendant The United States of America, if a private person, would be liable to plaintiff in accordance with the laws of the State of California,

---

1. Because of applicable statute of limitation.

2. See Dalehite v. United States, 346 U.S. 15, 44, 73 S.Ct. 956, 97 L.Ed. 1427.

the place where the said acts or omissions occurred.

\* \* \* \* \* \*

"Said canals were constructed for and on behalf of the defendant United States of America and the aforesaid departments, bureaus and agencies by Does 26 through 100 who were at all times herein mentioned employees of the United States of America acting within the scope of their authority. \* \* \*

\* \* \* \* \* \*

"11. Defendants, and all of them, including but not limited to Does 26 through 100 aforesaid, and defendant Irrigation District and defendant Water District *have* at all times herein mentioned known of said drainage, seepage, percolation, wasting and spilling of said waters, and have known of the damage to plaintiff's lands and properties as aforesaid, which said knowledge accrued to said defendants while defendants and each and all of them were acting within the scope of their authority. Said defendants, and each of them, *negligently* permitted same to continue and *neglected,* failed, and refused, and continue to *neglect,* fail and refuse, to take action of a remedial nature to correct and eliminate said drainage, seepage, wasting and percolation of said water, and to prevent the raising of the level of the waters of said Salton Sea and the damage by said waters to plaintiff's said property as aforesaid." (Emphasis supplied.)

While the complaint is not as specific as might be desired, the Court feels that it sufficiently alleges that the unknown individuals designated Does 26 to 100 were employees of the United States and that it was their negligent acts and omissions that gave rise to the liability of the United States.[3] The fact that the plaintiff cannot identify them by their proper names, does not prevent their acts from *giving rise to the liability of the Government.* The Court does not believe that Congress intended to limit the liability of the Government to situations where the acting employee can be identified by name. It is sufficient if the acts of *an* employee of the Government be shown to be negligent, etc. Although these acts are not designated with particularity in the complaint, the allegations are sufficient to state a cause of action.[4] It would, however, appear that a motion to make more definite would be in order, to have such acts more particularly described. Such further information might also be properly developed by discovery procedure.

 The next ground urged by the Government is that the complaint shows that the claim is based upon the performance or failure to perform a discretionary function or duty on the part of a Federal employee or agency. While the *building* of the canals at a certain place or in a certain way might have been discretionary, we cannot agree that the *negligent maintenance* of the canals was a discretionary function or duty. It may develop, on proof, that the plaintiff's damages are the result of discretionary acts, in which case tort claims liability will not lie.[5] If such facts develop on discovery, a motion for summary judgment might be in order. However, at this stage, we must accept the allegation of the pleadings as correct, and if, as

3. While such employees are improperly joined as defendants, see Benbow v. Wolf, 9 Cir., 217 F.2d 203; Prechtl v. United States, D.C.N.Y., 84 F.Supp. 889; Donovan v. McKenna, D.C.Mass., 80 F.Supp. 690, their designation in the complaint serves to furnish the basis of the Government's liability.

4. See Rule 8(e), Fed.R.Civ.Proc., 28 U.S. C.A.

5. Plaintiff may still have a remedy by way of compelling condemnation and recovery of compensation for the "taking" of any of plaintiff's land. See Rank v. Krug, D.C.Cal., 90 F.Supp. 773; Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142.

the complaint alleges, plaintiff's damage resulted from the negligent or wrongful act or omission of any employee of the United States in maintaining or repairing the canals, while acting in the scope of his office or employment, then the Government is liable.

■ Finally, the Government contends that it has an absolute immunity in the case of irrigation and flood control operations.[6] In support of this contention, the Government relies principally on Atchley v. Tennessee Valley Authority, D.C., 69 F.Supp. 952, and Danner v. United States, D.C., 114 F.Supp. 477. An analysis of these cases indicates that the immunity found there was based on the fact that the acts of the Government were within the "discretionary function" exemption. As previously developed, it may eventually be shown that plaintiff's damages are the result of discretionary function; however, if, as the complaint alleges, the damages of the plaintiff are the result of the negligence of an employee of the Government, rather than the exercise of a discretionary function, then the Government is liable. While evidence might show that certain phases of the construction were within the discretionary function field, this would not relieve the Government from liability in the doing of other non-discretionary negligent acts in the carrying out of the project.

■ In Ure v. United States,[7] the United States District Court for Oregon specifically rejected the contention of the Government that the construction, maintenance and operation of an irriga-

tion canal was a discretionary governmental function. The court there said:

"The gist of the charge of negligence, however, is that it maintained and operated the canal at a full head knowing the character of soil upon which it was built without lining it with concrete, impervious soil or constructing an impervious core on the lower bank, which was required originally by the plans.

\* \* \* \* \* \*

"The exclusionary clauses of the Act do not cover this case. This is not a discretionary function. The matter of planning and construction of an irrigation canal can be the subject of failure to exercise a higher degree of care upon the part of the servants of the Government, as well as the servants of a private corporation."

It is certainly true that the *operation* and *maintenance* of irrigation canals by the United States may conceivably involve negligence on the part of a governmental employee for which the United States may become liable.

The motion of the United States to dismiss is denied.

■ As to Coachella's and Imperial's motion to dismiss, it appears undisputed that there are no independent grounds for Federal jurisdiction as between the plaintiff and these defendants. However economic and equitable the joinder of such an action with the action against the United States might be,[8] such a line of inquiry is now foreclosed since the Ninth Circuit Court of Appeals has re-

---

6. No contention is made that there is any specific statutory exclusion from liability. Compare 33 U.S.C.A. § 702c, Mississippi River Flood Control Project.

7. 93 F.Supp. 779, 783, Chief Judge James Alger Fee. The Court went on to find that in this case there was no negligence. Affirmed without consideration of subject under discussion. White v. United States, 9 Cir., 193 F.2d 505.

8. The same reasons given for allowing joinder of the United States with other

defendants where there is independent grounds for jurisdiction, would be applicable in the immediate situation. See United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523; Englehardt v. United States, D.C., 69 F.Supp. 451. Especially where liability is alleged in the alternative should disposal of all questions be made in one action. Separate trials might allow each defendant to escape on the supposition that the other is the true tort feasor, whereas, if consolidated, clearly one of the defendants would be held liable.

cently held that such a joinder is not permitted. In Benbow v. Wolf,[9] the Court quotes from a Second Circuit case [10] that:

"'* * * the mere assertion of a claim by the plaintiff against the United States is insufficient to create jurisdiction over a separate claim against tthe individual defendants where there is no diverse citizenship as between the plaintiff and those individuals.'"

Defendants Coachella and Imperial's motion to dismiss is granted.

Since the complaint alleges that defendants Does 26 to 100 are employees of the United States, the Court, on its own motion, dismisses the complaint as to such defendants. Uarte v. United States, D.C.Cal., 7 F.R.D. 705; Prechtl v. United States, D.C.N.Y., 84 F.Supp. 889; Benbow v. Wolf, 9 Cir., 217 F.2d 203.

9. 9 Cir., 217 F.2d 203, 205.

10. Wasserman v. Perugini, 2d Cir., 173 F. 2d 305.