The **PEOPLE OF THE STATE OF CAL-IFORNIA,** acting by and through the **STATE DEPARTMENT OF PUBLIC WORKS,** Plaintiff,

v.

The **UNITED STATES** of America, acting by and through the Federal Department of Interior, Federal Bureau of Reclamation; P. H. Greer Co., Inc., a corporation; John Doe One to John Doe Ten; John Doe Company One, a corporation, to John Doe Company Five, a corporation; and Doe Company One, a copartnership, to Doe Company Five, a copartnership, Defendants.

No. 1301–ND.

United States District Court
S. D. California, N. D.
Nov. 16, 1956.

Carroll N. White and Emerson W. Rhyner, Sacramento, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., and M. G. Franciscus, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

Crowe, Mitchell & Hurlbutt, J. Thomas Crowe, Visalia, Cal., for P. H. Greer Co.

JERTBERG, District Judge.

The motion of the United States to dismiss the action came on for hearing on October 22, 1956, at 10:00 a. m.

The complaint was filed October 10, .1953. The complaint is by the People of the State of California, acting by and through the State Department of Public Works, which is a state agency, duly vested with jurisdiction and control of the state highway system of the State of California. The defendants are the United States of America, acting by and through the Department of Interior, Bureau of Reclamation, P. H. Greer Company, Inc., a corporation, and numerous fictitiously named defendants, none of whom was served with process.

Attached to the complaint is a map, marked "Exhibit A", upon which is delineated the state highway in question, designated as VI–TUL–131–B; also shown are lands adjacent thereto, including the lands of the defendant, P. H. Greer Company, Inc., culverts across said highway constructed by plaintiff or its predecessor in interest, the County of Tulare. The map also shows the size and location of that portion of the Friant-Kern Canal running through the area, and the sizes and locations of levees, pipe lines, culverts, ditches, channels, and a reservoir, all constructed by the United States of America, Department of Interior, Bureau of Reclamation, dikes or levees constructed by the P. H. Greer Company, Inc., on its lands located south of the state highway in question.

The complaint alleges and said map indicates that the natural slope of the lands is generally from northeasterly to southwesterly, and that prior to the acts of the defendants complained of, the natural surface, percolating, diffused and drainage waters originating, percolating and draining upon, over and across lands from northeasterly of the said highway, largely settled in catchment basins in areas "B" and "D" as shown on the map, or passed through, under and across the state highway by means of culverts, until the remaining part percolated into the Cottonwood Swamp or Creek as shown on said map; that said culverts were only a substitute for the natural contour lines and were adequate in size to carry across the state highway all surface and drainage waters reaching the northerly side thereof.

The complaint further alleges, in substance, that as a result of the acts of the defendants in the construction of:

the structures mentioned in the complaint, waters originating on lands northeasterly of said right of way during the rainy season each year, no longer follow the natural contours and no longer are diffused and dissipated in the manner that they formerly were without damage to said highway, but on the contrary, are concentrated at various points on said highway, causing said waters to collect, pond up, and stand upon said highway and prevent the waters from flowing over the lands to the southward of said state highway, and to stand until dissipated by stagnation or evaporation. It is further alleged that each of the acts of the defendants was the proximate cause of the closing of the highway to normal vehicular traffic several times each year during the rainy season, to the damage of the public users thereof, and that the plaintiff was required to repair the road and roadbed each year at a cost of $3,000 each year. The complaint seeks damages in the amount of $9,000 and a permanent injunction.

An answer and a cross-complaint was filed by the defendant, P. H. Greer Company, Inc. The cross-complaint admits the allegations of the complaint as to the damages and acts of the United States, but denies liability on the part of the cross-complainant, and alleges that the acts of the United States set out in the complaint have resulted in damage to the cross-complainant in the sum of $6,000, because of a loss of the use of a portion of the property owned by it during the rainy season, when the waters collect on the land. The cross-complainant seeks a permanent injunction and money damages.

The complaint predicates jurisdiction of this Court under Section 1346(b) of Title 28 U.S.C.A. as to the defendant United States of America, and under Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A., as to the other defendants.

The United States seeks dismissal of the action on the ground that the Court lacks jurisdiction of the subject matter and that the complaint fails to state a claim upon which relief can be granted.

The relevant provision of Section 1346 provides that the District Courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Section 2680 of Title 28 U.S.C.A. states that the provisions of Section 1346(b) shall not apply to "(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The Court takes judicial notice of the fact that the Friant-Kern Canal and its adjuncts were constructed by the United States, acting through the Department of Interior, Bureau of Reclamation, as a unit or part of the Central Valley Project. The over-all project was designed and planned for the general purposes of irrigation of arid lands in the central valley of California, and the improvement of navigation, river regulation, flood control, incidental development of hydroelectric power, salinity repulsion, and other purposes pursuant to statutory authority. The Friant-Kern Canal was designed, planned and constructed to take waters from Friant Dam, which impounds waters of the San Joaquin River, and to divert such waters south to irrigate lands in the counties of Fresno, Tulare and Kern, some lands being some 160 miles distant from the

Friant Dam. While the over-all project was designed and planned for multiple purposes, the Supreme Court of the United States has stated that the Friant unit, of which the Friant-Kern Canal is a part, is a reclamation project. United States v. Gerlach Live Stock Company, 339 U.S. 725, 70 S.Ct. 955, 94 L.Ed. 1231.

If the plaintiff has any right to relief against the United States, it must be under the terms of the Federal Tort Claims Act. The complaint contains no allegations that the acts of the United States described in the complaint were not performed pursuant to statutory authority. The complaint contains no allegations that the injury or loss complained of by the plaintiff was caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."

■ The plaintiff contends that the settled law of California holds actionable a diversion and concentration of waters onto lower properties never before subjected to these waters. I do not question that under the laws of the State of California, under appropriate allegations and proof, upper land owners may become liable to a lower land owner, where the upper land owner by artificial means causes surface waters, as distinguished from flood waters, to change their natural flow and thereby cause damage to the lower land owner. However, jurisdiction of this Court must be founded upon Federal statutes and not upon State law.

Sovereign immunity was not waived as to "any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid." The acts of the United States complained of were performed pursuant to statutory authority, and the complaint neither alleges nor implies any failure on the part of any employee of the government to exercise due care. Sovereignty was not waived as to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The crux of the case, therefore, is whether or not the injury and loss complained of were caused by the negligent or wrongful act or omission of any employee of the government, or were caused by the exercise or performance or the failure to exercise or perform a discretionary function or duty. In the former case, the government is liable. In the latter case the government is not liable.

■■ Projects of the type involved in this action are the result of extensive and intensive study and planning. The over-all plan is finally submitted to and approved by Congress. The location and size of a canal, the location and size of a levee, culvert, pipe line, ditch or channel, is likewise based upon study and planning, and are details and methods of carrying out the general plan, and they are, in my opinion, discretionary acts, within the meaning of Subsection "a" of Section 2680, Title 28, U.S.C.A. It may be that some of the structures complained of were constructed at the wrong locations or were inadequate in size, yet if the injury or loss resulted from the exercise of discretion, sovereign immunity still attaches.

This subject was under review by the Supreme Court of the United States in Dalehite v. U. S., 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427. That case arose out of a group of cases brought against the United States for damages under the Tort Claims Act arising out of an explosion on a ship near Texas City. The petitioner charged that the United States caused the catastrophe by using a material in fertilizer which had been used as an ingredient of explosives for so long that industry knowledge gave notice that other combinations of ammonium nitrate with other materials might explode. The District Court held

that the United States had been careless in drafting and adopting the fertilizer export plan as a whole, had been negligent in various phases of the manufacturing process, and had been negligent in failing to police the shipboard loading. The decision of the District Court was reversed by the Circuit Court of Appeals of the Fifth Circuit. In re Texas City Disaster Litigation, 197 F. 2d 771. The reversal was affirmed by the Supreme Court. The Supreme Court stated, 346 U.S. at page 32, 73 S.Ct. at page 966:

"It will be noted from the form of the section [2680 of Title 28 U.S. C.A.] * * * there are two phrases describing the excepted acts of government employees. The first deals with acts or omissions of government employees, exercising due care in carrying out statutes or regulations whether valid or not. It bars tests by tort action of the legality of statutes and regulations. The second is applicable in this case. It excepts acts of direction in the performance of governmental functions or duty 'whether or not the discretion involved be abused'. Not only agencies of government are covered but all employees exercising discretion. It is clear that the just-quoted clause as to abuse connotes both negligence and wrongful acts in the exercise of the discretion because the Act itself covers only 'negligent or wrongful act or omission of any employee', 'within the scope of his office' 'where the United States, if a private person, would be liable'. 28 U.S.C. § 1346(b), 28 U.S.C.A. § 1346(b). The exercise of discretion could not be abused without negligence or a wrongful act."

At page 35 of 346 U.S., at page 968 of 73 S.Ct. of the opinion, the Supreme Court said:

"It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable."

Consideration of the Tort Claims Act was before the Court of Appeals for the Ninth Circuit in the case of United States v. Ure, 9 Cir., 225 F.2d 709. The background of that case is that the United States, acting through the Department of Interior, Bureau of Reclamation, constructed a reclamation project. Lands were flooded as a result of breaks in one of the canals. Two distinct groups were involved in the District Court. One group whose damages resulted from flooding when the impounded waters broke through the canal, and another group who lost crops because of the failure of the government to deliver water to them. The cases were consolidated and tried together. The trial court held that the government had exercised due care in its performance to deliver water to the second group, and therefore was not chargeable with negligence under the Act. The court found liability as to the first group for the damages caused by flooding. Ure v. U. S., D.C., 93 F.Supp. 779.

Two appeals were taken from the decision. The first opinion on appeal is White v. U. S., 9 Cir., 193 F.2d 505, and the decision of the District Court was affirmed as to the group of plaintiffs whose damage was caused by the failure to deliver water. The second opinion on appeal is United States v. Ure, 225 F.2d 709, 711, and involved the group of plaintiffs whose damage was caused by flooding. The Court of Appeals reversed the trial court as to the liability of the Government under the Tort Claims Act for the damages caused

by the flooding. In rejecting the theory of liability, either absolute liability or liability under the Tort Claims Act, the Court of Appeals said in United States v. Ure, supra, "That principle [of absolute liability] of course, is that one who permits a highly dangerous instrumentality or agency which is located on his property, and is under his control to escape and damage another is liable for the damage irrespective of negligence or fault. * * * In Dalehite the Court [Supreme Court] held that the Federal Tort Claims Act may be invoked only on a ' "negligent or wrongful act or omission" ' of a government employee. 'Absolute liability, of course', said the Court, 'arises irrespective of how the tortfeasor conducts himself; it is imposed automatically when any damages are sustained as a result of the decision to engage in the dangerous activity. The degree of care used in performing the activity is irrelevant to the application of that doctrine. *But the statute requires a negligent act.'* * * * Clearly, then, the basic principle relied on below may not now be applied."

The Court of Appeals discussed at some length the methods used by the government in its determination as to the way the canal should be built, and said: "Problems of the nature which confronted the Reclamation Service in this instance are matters necessarily calling for the exercise of discretion on the part of the governmental agency in charge. * * * The decision in Dalehite v. U. S. * * * establishes the applicability of the exception to the present cases."

Plaintiff, in its memorandum, relies upon the case of Ure v. U. S., 93 F.Supp. 779. As hereinbefore noted that case was reversed by the Circuit Court of Appeals of the Ninth Circuit in United States v. Ure, 225 F.2d 709. The decision of the District Court of the Southern District of California in Des-

ert Beach Corporation v. U. S., D.C., 128 F.Supp. 581, also relied upon Ure v. U. S. The District Judge in the Desert Beach case noted with approval the language in the opinion in Ure v. U. S., 93 F.Supp. 779, which was reversed by the Ninth Circuit Court of Appeals as above stated.

█ Counsel for the plaintiff further takes the position that sovereign immunity attaches to claims for damages against the United States arising out of flood control work or navigational control work, but not in the construction of an irrigation project. No authority is cited in support of that position. Attention, however, is called to the fact that the project involved in the case of United States v. Ure, 225 F.2d 709, was a reclamation project and the Court of Appeals expressly held that sovereign immunity existed in that case. It is my view that the plaintiff has no right to any of the relief sought in the complaint on facts provable under the allegations of the complaint. The motion of the United States for a dismissal of the action must therefore be granted.

█ In view of the dismissal of the complaint as to the United States, this Court has no jurisdiction to determine the matters set forth in the cross-complaint of the P. H. Greer Corporation or over the allegations of the complaint against that corporation under Rule 20 of the Federal Rules of Civil Procedure. Prechtl v. U. S., D.C., 84 F. Supp. 889; Wasserman v. Perugini, 2 Cir., 173 F.2d 305; Bullock v. U. S., D. C., 72 F.Supp. 445. The cross-complaint must therefore fall with the complaint.

It is therefore ordered that the motion to dismiss the action is granted, and counsel for the United States is directed to prepare appropriate form of order.

The Clerk of this Court is directed to forthwith mail copies of this order and memorandum to all counsel.