## ERLICH v. WILHELMSEN et al.
### No. 2522.

District Court, E. D. New York.
April 13, 1942.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill, of New York City, of counsel), for defendant Barber S.S. Lines, Inc.

Hayes & Tullman, of New York City, for plaintiff.

CAMPBELL, District Judge.

This is an action brought by the plaintiff, on the law side of the Court, to recover the sum of $25,000 for injuries alleged to have been sustained by him, while employed as a watchman on board the Motorship Thermopylae.

The defendant Barber Steamship Lines, Inc., appears specially, and not generally, for this motion, which is for an order dismissing the complaint, as to it, on the ground that it appears that plaintiff and said defendant, Barber Steamship Lines, Inc., are citizens of the same State, and there is no diversity of citizenship between the plaintiff and said defendant, and for that reason this Court is without jurisdiction.

It appears, from the complaint, that plaintiff is a citizen of the United States, and a resident of the State of New York, and that the Barber Steamship Lines, Inc., is a domestic corporation duly organized and existing under the laws of the State of New York.

Although plaintiff definitely elected to bring his action at law, he now seeks to sustain the jurisdiction of this Court, which has been attacked by the defendant in question, under Title 28, Section 41, Subdivision 3, U.S.C.A., which reads as follows:

"§ 41, subd. (3) Admiralty causes, seizures, and prizes. Third. Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it, and to claimants for compensation for injuries to or death of persons other than the

master or members of the crew of a vessel their rights and remedies under the workmen's compensation law of any State, District, Territory, or possession of the United States, which rights and remedies when conferred by such law shall be exclusive; of all seizures on land or waters not within admiralty and maritime jurisdiction; of all prizes brought into the United States; and of all proceedings for the condemnation of property taken as prize. The jurisdiction of the district courts shall not extend to causes arising out of injuries to or death of persons other than the master or members of the crew, for which compensation is provided by the workmen's compensation law of any State, District, Territory, or possession of the United States."

Of course there is no question about the jurisdiction of this Court in Admiralty suits of damages for personal injuries arising on navigable waters of the United States, and it is unnecessary to cite authorities.

The difficulty with the plaintiff's position is that he has elected not to sue in admiralty, but to avail himself of the right preserved in said Section 41, supra, of his common-law remedy, which the common law is competent to give, and this Court on its common-law side has jurisdiction of an action for a maritime tort, but only where the jurisdictional requisites of citizenship and amount are present, the liability and damages to be measured by the rules applicable to admiralty cases. Philadelphia & R. R. Co. v. Berg, 3 Cir., 274 F. 534.

Even though the tort be maritime in nature, that does not vest the common-law side of the Court with jurisdiction, in the absence of allegations of diversity of citizenship. Stamp v. Union Stevedoring Corp. D.C., 11 F.2d 172, at page 174.

To give the Court jurisdiction as to the defendant in question it is not sufficient that diversity of citizenship exist between some of the plaintiffs, and some of the defendants, the diversity must exist between each proper, necessary or indispensable party on one side of the controversy, and each proper, necessary and indispensable party on the other. Weber v. Wittmer Co., D.C., 12 F.Supp. 884.

Jurisdiction predicated on citizenship does not exist if plaintiffs and one defendant are citizens of the same State,

and the parties can neither confer it by consent nor waive it by inaction. Mathers & Mathers v. Urschel, 10 Cir., 74 F.2d 591; Dollar S.S. Lines, Inc., v. Merz, 9 Cir., 68 F.2d 594.

This Court is without jurisdiction as to the defendant Barber Steamship Lines, Inc.

The motion to dismiss the complaint herein as to the defendant Barber Steamship Lines, Inc., is granted.