## LIMA v. A. L. BURBANK & CO., Limited.

District Court, S. D. New York.

Oct. 16, 1946.

Philip Brown, of New York City, for plaintiff.

Hanrahan & Dougherty, of New York City, for defendant.

CAFFEY, District Judge.

The complaint consists of two causes of action. These will be discussed.

### I.

In the first count it is alleged that the plaintiff is a resident of New York. In the second count it is alleged that the defendant was organized and exists under the laws of New York and has a place of business in New York.

Paragraphs sixth, seventh and eighth of the first count allege that while at sea and there at work, through negligence, the plaintiff "was caused to sustain severe injuries" and suffered damages in excess of $3,000.

Next, in paragraph ninth of the first count it was further alleged that, pursuant to Section 33 of the Jones Act, 46 U.S.C.A. § 688, the plaintiff elected "to maintain this action for damages at law with the right of trial by jury, in accordance with the provisions of said Act" and in a notice annexed to the complaint the plaintiff stated "that the plaintiff demands trial by Jury."

Lastly, subdivision (3) of Section 41 of Title 28 of the United States Code Annotated, being Section 24 of the Judicial Code, completes the provisions relating to original jurisdiction. The pertinent portion is this:

"The district court shall have original jurisdiction as ·follows: * * * Third. Of all civil causes of admiralty and maritime jurisdiction, *saving to suitors in all cases the right of a common-law remedy* where the common law is competent to give it." [the italicized clause being supplied].

What was last quoted above furnishes the fundamental basis of the definition of what jurisdiction inures to the benefit of suitors.

Moreover, in the body of the statute it is alleged that

"Any seaman who shall suffer personal injury in the course of his employment may, at his election [and he did elect to], maintain an action for damages at law, with the right of trial by jury, * * *."

In the conditions recited, it is manifest that there is no diversity of citizenship and hence the first count must be dismissed. Erlich v. Wilhelmsen, D.C., E.D.N.Y., 44 F.Supp. 414, 414–5. See also Philadelphia & R. R. Co. v. Berg, 3 Cir., 274 F. 534, 538, 539; Stamp v. Union Stevedoring Corporation, D.C., E.D.Pa., 11 F.2d 172, 173, 174 [from near bottom of right column p. 173 to about middle of left column p. 174]; Rowley v. Sierra S. S. Co., D.C., N.D. Ohio, 48 F.Supp. 193, 194–5, 195–6; and Modin v. Matson Nav. Co., 9 Cir., 128 F. 2d 194, 196.

## II.

Paragraph tenth of the second count "repeats and realleges each and every allegation in the first cause of action and makes the same a part thereof." In addition, as heretofore pointed out, the plaintiff demands a jury trial of the issues raised by the repetition of the second count. For that reason it also must be dismissed.

## III.

Accordingly the complaint should be dismissed. Settle order on two days' notice.