**MANLEY et al. v. STANDARD OIL CO. OF TEXAS et al.**

No. 443.

United States District Court
E. D. Texas, Sherman Division.

Nov. 5, 1948.

---

Warren G. Moore, of Tyler, Tex., and Freels & Elliott, of Sherman, Tex., for plaintiffs.

Gillespie & Gillespie, of Sherman, Tex., for defendant Pack Luna.

Baker, Botts, Andrews & Parish, J. C. Hutcheson III, and J. A. Rush, Jr., all of Houston, Tex., for defendants.

ATWELL, Chief Judge.

The plaintiffs sue for about one hundred thirty acres of land in Grayson County, Texas. Manley and Roberts are citizens of Louisiana. Harvey is a citizen of Illinois. The Standard Oil Company is a Delaware corporation with a service agent in Texas.

The suit is in trespass to try title, and the plaintiffs claim that on November 15th, 1947, the defendant, Standard and defendant Coffield, unlawfully dispossessed them of the premises.

That the Standard is drilling oil on premises adjacent to these lands, and is draining their premises to their damage in the sum of $10,000. That the value of the oil and gas under the surface of said premises is in excess of $100,000.

They ask for a receiver, and that upon final determination they have judgment for title and possession of the said land and for their damages.

The defendant asked that the Grand High Court of Heroines of Jericho of Texas, an unincorporated association, and William McDonald, be made third parties defend-ant. That association and McDonald are residents of the Northern District of Texas.

That motion was set down for July 22nd, 1948, at Sherman. Judge Bryant disqualified, and the undersigned granted the request on October 6th, 1948.

The relief sought by the defendant Standard against the third party defendants is based upon the alleged fact that the defendant Standard purchased from that Association and McDonald as its representative, a lease prior to the lease which the plaintiff Harvey alleges he owns; Manley being the owner in fee simple of the title.

Since the filing of the order permitting the making of such third party defendants, the court has been further advised that the ground of the recovery alleged against the third party defendants by the Standard, is that those third party defendants, by fraudulent representation, secured the purchase, by the defendant Standard, of the lease, under which it operates, and for such fraud it sues for $600,000 damages.

The amount paid by the Standard for the lease from the third party defendants was something under $200. Sometime before the order allowing the making of third party defendants, Judge Bryant had a hearing on the matter of receivership. After some preliminary maneuvers both sides agreed that matter would be taken up later and that an early date for a trial would be set, at which time the merits would show whether a receiver was justified.

Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A., permits the making of third party defendants when the original defendant makes the allegation that it desires such an addition to the parties before the court, in order that any recovery that may be had against it should be, in part, or, in whole, liquidated or paid, or responded to, by the party whom they wish made a third party defendant; such desire being supported by pleaded facts.

This Motion to Dismiss by the third party defendants leads me to doubt the wisdom of my original order. In the first place, the suit is of a local nature, and is for the title to lands and for damage that has, or, may result from the alleged drilling of wells on lands contiguous to those in-

volved. The question of limitation is also raised.

The recovery that is sought against the third party by the defendant, is so out of line with any recovery sought by the plaintiffs as to challenge the wisdom of the order permitting such making of parties.

Again, the lease alleged to have been made by the third party defendant was for a small consideration and that would probably be the limit of the right of recovery by the defendant Standard, without profits that the Standard may have made, had the alleged lease been valid. Likewise, it robs the third party defendant of the right to be sued in its own district for a cause of action that is not ancillary; especially, since the plaintiffs have offered to do equity by the return of the amount that the Standard alleges it paid for the lease from the third party.

The purpose of Rule 14 is to permit considerable reach for the party who may be "liable in part, or, in whole," for the possible recovery against the defendant. That is the purpose of the Rule.

It is manifest from construing authorities that there is some difference of opinion as to who might be included in the word, "ancillary." The Latin word, "ancilla," means "a handmaid, an auxiliary, a subordinate." It has been frequently found beneficial to draw into a pending case all such controversies as come within a liberal definition of the word, and thus save further litigation. But the same decisions, in an effort to give Rule 14 its broadest and most liberal construction, as well as Rule 82, have seen fit to advise us that the statutes and fixed fundamentals with reference to venue and jurisdiction were not to be ignored.

To permit a pleading such as the defendant Standard files against the impleaded parties, not only violates the rights of those parties to be sued in the district in which they reside, but also is highly prejudicial to the plaintiff's action against it, even though the seniority of defendant Standard's lease may be admissible testimony showing such seniority with its attack upon the leasehold of the plaintiffs other than Manley, whose right of recovery is based upon the alleged fact that he owns the land in fee.

There is much merit in the Motion to Dismiss made by the third parties defendant, and it must be sustained.