**WASSERMAN et al. v. PERUGINI et al.**

**No. 171, Docket 21220.**

United States Court of Appeals
Second Circuit.
March 11, 1949.

Abraham M. Poretz, of New York City (Jacob D. Fuchsberg and Joseph J. Varon, both of New York City, of counsel), for plaintiffs-appellants.

John F. X. McGohey, U. S. Atty., of New York City (Nathan Skolnik, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellee United States.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiffs brought this action under the Federal Tort Claims Act, 28 U.S.C.A: § 1346(b), to recover damages for personal injuries sustained by them in an accident involving a taxicab and a Post Office mail truck. The plaintiffs were passengers in a taxicab which was proceeding in a southerly direction on Boston Road in the Bronx, under the elevated structure and somewhat to the west of the southbound trolley car tracks. The mail truck was traveling in the northbound outer lane on Boston Road. When the taxicab approached Bryant Avenue, which crosses Boston Road in an east-west direction, there was testimony by the driver of the mail truck that the taxicab made a sharp left turn into Bryant Avenue and thus ran directly into the path of the on-coming northbound government mail truck, the brakes of which were applied as soon as the driver of the truck saw the taxicab emerge from under the elevated structure and enter into the path of travel of the mail truck. The trial judge found that because of the short distance that separated the mail truck

and the taxicab at the time of the emergence of the latter from under the elevated structure, the collision could not be avoided by the truck. He also found that the taxicab was violating the traffic regulations by making a left turn at the intersection of Boston Road and Bryant Avenue without granting the right of way to the operator of the mail truck, who was proceeding in an opposite direction. We hold that there was sufficient evidence to justify the judge's findings that the plaintiffs failed to sustain the burden of proving negligence on the part of the operator of the mail truck and his conclusion that the complaint should be dismissed on the merits as against the United States of America. The plaintiffs were not entitled to have the defendants offer evidence in the hope that something might be developed in aid of the plaintiffs' claims. The decision in favor of the United States was necessarily made by a judge without a jury and his findings are conclusive since they are not clearly erroneous. See Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A.

The court also dismissed the complaint without prejudice as against the individual defendants, who were owners or operators of the taxicab, for lack of jurisdiction because of the failure of the plaintiffs to show diversity of citizenship between themselves and the individual defendants or any other basis of federal jurisdiction.

As to the failure of jurisdiction because of lack of diverse citizenship between the plaintiffs and the individual defendants, the case clearly falls within our decision in Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, certiorari denied Friend v. Friend, 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635, unless the claim of the plaintiffs against the individual defendants be excepted from the ordinary rule on the ground that it is ancillary to the action between the plaintiffs and the United States. But the mere assertion of a claim by the plaintiffs against the United States is insufficient to create jurisdiction over a separate claim against the individual defendants where there is no diverse citizenship as between the plaintiffs and those individuals. In Pearce v.

Pennsylvania R. Co., 3 Cir., 162 F.2d 524, certiorari denied 332 U.S. 765, 68 S.Ct. 71, the same contention was made and rejected by the Third Circuit with respect to a claim against the Pennsylvania Railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and a common law claim to recover for negligence against another defendant, who was a citizen of the same state as the plaintiff. See also Professor Moore's statement to the same effect in connection with the Tort Claims Act, 3 Federal Practice (2d Ed.) par. 20.07 [3], at pp. 2738–39: "* * * there is the further problem of federal jurisdiction over plaintiff's tort claim against the individual defendant or defendants. This claim can hardly be said to present a federal matter merely because the United States is a joint tort-feasor and hence it must be supported by independent jurisdictional grounds, usually diversity or alienage between the plaintiff and the individual defendant or defendants and more than $3,000 must be involved."

Even if ancillary jurisdiction could be supported by a right of contribution on the part of the United States there is no such right under the New York law in the absence of a joint judgment against the United States and some of the individual defendants. Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, certiorari denied, Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698. Moreover, the plaintiffs could not assert a claim against defendants having the same citizenship irrespective of any rights of contribution from such defendants which the United States might possess. Pearce v. Pennsylvania R. Co., 3 Cir., 162 F.2d 524, 528, 529, certiorari denied 332 U.S. 765, 68 S.Ct. 71; Committee Note on 1946 Amendment to Rule 14, F.R.C.P. See also 3 Moore, Federal Practice (2d Ed.) par. 14.27 [1]:

"In the first edition of this Treatise the view was taken that if, as permitted under the Rule, plaintiff A.B. amended his complaint to state a claim against the third-party defendant E.F., independent grounds of jurisdiction would be required to support plaintiff's claim against E.F. The concept of ancillary jurisdiction was not

regarded as extending so far as to permit a plaintiff, by this roundabout method, to recover a judgment against a citizen of the same state on a non-federal cause of action. The courts, with almost complete unanimity, have taken this view."

We have no occasion to deal with the interesting opinion of Judge Chesnut in Englehardt v. United States, D.C.D.Md. 69 F.Supp. 451, or the district court authorities contra, regarding joinder of an action brought under the Federal Tort Claims Act against the United States with an action against an individual defendant. Even if we should assume, for purposes of argument, that joinder would be proper if there were diverse citizenship between the plaintiffs and the individual defendants, such diversity is lacking here. In the case before Judge Chesnut there was diverse citizenship between the plaintiffs and all the defendants and he expressly refused to pass on any situation where there was not.

For the foregoing reasons, the judgment of the District Court is affirmed.