**PRECHTL v. UNITED STATES et al.**

Civ. No. 3952.

United States District Court
W. D. New York.

July 22, 1949.

Edwin M. Miller, Buffalo, N. Y. (Harold J. Tillou, Buffalo, N. Y., of counsel), for plaintiff.

George L. Grobe, U. S. Atty., Buffalo, N. Y. (Michael J. McMorrow, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for United States.

KNIGHT, Chief Judge.

This is a civil action brought to recover damages arising out of the alleged injury and death of the plaintiff's intestate. It is claimed that while plaintiff's intestate was crossing a street at an intersection and was in a place of safety, two motor vehicles collided nearby and the course of one was diverted and it struck plaintiff's intestate. The automobile which struck the said intestate was owned by corporate defendant, Employees Loan Company, and was driven by the defendant Meyer, an employee. The other vehicle was a mail truck owned by the United States and driven by the defendant Andrew John Beyer, Jr., an employee of the government.

The defendant, United States, moves to strike the defendant Beyer from the complaint as a defendant. No other party moves. The suit is brought under the Federal Tort Claims Act, New Title 28 U.S.C. A. § 1346(b). The plaintiff and all defendants, save the United States, are residents of Buffalo, Erie County, New York.

Can any party be joined as a defendant with the United States in an action under such Tort Claims Act, lacking government consent?

There are a number of divergent answers by the courts. In Uarte v. United States, reported in D.C., 7 F.R.D. 705, we find a comprehensive and persuasive opinion applicable here. Drummond v. United States, D.C., 78 F.Supp. 730, and Donovan et al. v. McKenna, D.C., 80 F.Supp. 690, are in accord with Uarte v. United States, supra. Englehardt v. United

States, D.C., 69 F.Supp. 451, and Bullock v. United States, D.C., 72 F.Supp. 445, hold that an individual can be joined with the United States.

■ The plaintiff places reliance on Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A. This provides for permissive joinder under certain conditions. It is inapplicable, for Rule 82 reads: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." Here it is sought to extend jurisdiction. Manley v. Standard Oil Co. of Texas et al., D.C., 8 F.R.D. 354, 356, in part, said: "It has been frequently found beneficial to draw into a pending case all such controversies as come within a liberal definition of the word, and thus save further litigation. But the same decisions, in an effort to give Rule 14 its broadest and most liberal construction, as well as Rule 82, have seen fit to advise us that the statutes and fixed fundamentals with reference to venue and jurisdiction were not to be ignored."

■ Section 1441(c) of the Federal Tort Claims Act, relating to removal, is equally inapplicable, because it presupposes existence of a cause of action which once instituted in a state court could be removed to a federal court. On such removal it would carry other causes not independently removable. The United States can not be sued in a state court and so it can not, under circumstances shown here, come within that provision of section 1441, supra. If the other individual defendants were sued in the state court, there would be no basis for removal.

Finally the House of Representatives Committee in reporting out H.R. 181, 79th Congress, First Session, said: "The bill * * * does not lift the immunity of the United States from tort actions except as jurisdiction is specifically conferred upon the district courts by this bill." As to the Tucker Act, with which this suit is comparable on the question at issue, the courts have definitely said that joinder of another party with the United States under the provisions of Rule 20 is not permissible. Lynn v. United States, 5 Cir., 110 F. 2d 586; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Manley v. Standard Oil Co., supra.

In a long review of the Federal Tort Claims Act in "The Yale Law Journal", Vol. 56, No. 3, page 555, after referring to the aforesaid Committee report, the Journal said: "This argument (referring to any distinction to the affect of the Tucker Act) is answered in part by reference to the committee report on the bill considered in 1942 which, citing the Sherwood case, interprets identical words (Tucker Act) to mean that no joinder is intended. Furthermore, serious procedural difficulties would be raised by permitting joinder of parties. * * * Therefore it seems inevitable that the rights of plaintiff and of the Government against others will have to be adjudicated in a separate controversy." As indicating the intent of Congress to exempt the employee from suit, we find that Section 2676, Title 28 U.S.C.A., provides that in this type of suit judgment in the action bars action against employee.

■ While it is believed that the consent to be sued is not sufficient as a consent to be sued with other party, it is not necessary to the decision of this motion that the court pass upon the broad question of the right of joinder of the United States with other party. Section 2676, Title 28 U.S.C.A., reads: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." The driver Beyer, employee of the defendant United States, clearly stands upon a different position than the other defendants. The foregoing section shows that there is no reason for making him a defendant. The United States was not liable before enactment of the Tort Act and its very purpose was to assume liability of its employees when acting in their employment by the United States.

The essence of plaintiff's claim is that it is discretionary with the court to allow joinder. The court has no discretion in the face of the statutes. Even if it had, it would not exercise it where, as here, the

government is liable for the negligence of its employee.

There is here no diversity of citizenship as to any defendant, save the United States. The question as to this is well settled by the courts. In the recent case in this circuit, Wasserman et al. v. Perugini et al., 173 F.2d 305, the complaint was dismissed as against the United States on the merits and against the individual defendants for lack of jurisdiction. That case followed the decision by the same court in Friend v. Middle Atlantic Transp. Co. et al., 2 Cir., 153 F.2d 778, 780, certiorari denied, 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635. In the last-mentioned case one defendant's husband was sought to be brought in as a party defendant. The lower court permitted, but the appellate court denied the right, saying in part: "For it seems quite clear that defendants who, as here, are charged with concurring acts of negligence and are freely joinable under state law cannot be considered actors in separate and separable controversies."

It was said in Erlich v. Wilhelmsen, D.C., 44 F.Supp. 414, 415: "To give the Court jurisdiction as to the defendant in question it is not sufficient that diversity of citizenship exist between some of the plaintiffs, and some of the defendants, the diversity must exist between each proper necessary or indispensable party on one side of the controversy, and each proper, necessary and indispensable party on the other. Weber v. Wittmer Co., D.C., 12 F.Supp. 884." See also: McGrier v. P. Ballantine & Sons, D.C., 44 F.Supp. 762. In Olsen v. Jacklowitz, 2 Cir., 74 F.2d 718, 719, the complaint showed that the plaintiff and one of the two defendants alleged to be joint tort-feasors were residents of the same state. The court said, in part: "That allegation was correct, and ever since Strawbridge et al. v. Curtiss et al., 3 Cranch 267, 2 L.Ed. 435, the law has been too well settled on this point to leave the question of jurisdiction even debatable. * * * With such parties to the action, the judgment of necessity had to be set aside."

The court in the Wasserman case said [173 F.2d 306]: "But the mere assertion of a claim by the plaintiffs against the United States is insufficient to create jurisdiction over a separate claim against the individual defendants where there is no diverse citizenship as between the plaintiffs and those individuals." As therein pointed out, the claim against the individual defendants is ancillary to the action between plaintiff and the United States.

 The defendant United States has not raised this jurisdictional question, nor has any other defendant. However, the court undoubtedly can. It may even be raised later. It is believed that the court should pass on this question.

The motion to strike the name of defendant Beyer from the complaint as not being a proper party defendant is granted upon the ground that he cannot be joined with the United States as a party defendant.

The motion to dismiss as to all defendants, save the United States of America, is granted. This will apply to Beyer, if the court is wrong in granting the motion made by the United States. The court is treating defendant, Employees Loan Company, the same as an individual because its location is said to be the same as all individual defendants, and it is a New York corporation.