## CIRCLE FISHERIES CO., Inc. v. SEABROOKE.
### Civ. 202.

United States District Court
W. D. Pennsylvania.
March 27, 1952.

A. Grant Walker, Gifford, Graham, MacDonald & Illig, of Erie, Pa., for plaintiff.

Gerald A. McNelis, of Erie, Pa., for defendant.

BURNS, District Judge.

The complaint filed affirmatively shows that there is no diversity of citizenship, and that legal title to the property in question, an oil screw vessel named "Jackie Lee" still in the possession of plaintiff, has passed to defendant, by virtue of a bill of sale given defendant by the president of plaintiff. Plaintiff seeks cancellation of the bill of sale and reconveyance to plaintiff.

The motion of defendant to dismiss the complaint for lack of jurisdiction must be granted. As is pointed out in The Captain Johnson, D.C.D.N.J.1946, 64 F.Supp. 559, the legal title to the res must rest with the libellant, in a petitory suit invoking the jurisdiction of a court of admiralty; and here plaintiff is in possession but concededly lacks legal title. As for jurisdiction on the law side of the court, there is here no diversity of citizenship. While it is true that plaintiff alleges that the vessel is documented and enrolled in the Port of Erie customs office, this court has been shown no statutory provision indicating that, in establishing rules governing the enrollment and documentation of vessels, the legislative branch intended to confer federal jurisdiction over suits challenging the legal or equitable title thereto. Cf. Gustason v. California Trust Co., 9 Cir., 1934, 73 F.2d 765, 767, certiorari denied 1935, 296 U.S. 607, 56 S.Ct. 123, 80 L.Ed. 430, and see Lima v. A. L. Burbank & Co., D.C.S.D.N.Y.1946, 69 F.Supp. 678.