Michael Frank **CARVELLI**, Plaintiff,

v.

**UNITED STATES of America and William J. Warner, Jr.,** Defendants.

Civ. No. 19291.

United States District Court
E. D. New York.

March 11, 1959.

Eli H. Mellan, Brooklyn, N. Y., for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for United States, L. Donald Jaffin, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

**BRUCHHAUSEN,** District Judge.

The Government moves to dismiss this action against the defendant, William J. Warner, for lack of jurisdiction of the subject matter.

In the complaint, the plaintiff alleges that while operating his automobile on a public highway in this State, it was struck by a motor vehicle, owned by the Government and operated by the defendant Warner, its employee; that the accident was due to the defendant's negligence and that the plaintiff sustained personal injuries for which he seeks substantial damages.

It is not disputed that both the plaintiff and Warner were and are residents of this State.

The Government contends that the sole basis of jurisdiction of the claim is the Tort Claims Act, 28 U.S.C. § 1346, which grants jurisdiction to the District Courts of claims against the United States for personal injuries and that the court lacks jurisdiction of the claim against Warner, absent diversity of citizenship.

In the case of Wasserman v. Perugini, 2 Cir., 173 F.2d 305, 306, involving a similar situation, Judge Augustus N. Hand, writing for the Court, said:

"This claim can hardly be said to present a federal matter merely because the United States is a joint tort-feasor and hence it must be supported by independent jurisdictional grounds, usually diversity or alienage between the plaintiff and the individual defendant or defendants and more than $3,000 must be involved."

This principle has also been upheld in the cases of United States v. Dooley, 9 Cir., 231 F.2d 423; Pacific Freight Lines v. United States, 9 Cir., 239 F.2d 191; Benbow v. Wolf, 9 Cir., 217 F.2d

203; Prechtl v. United States, D.C.W.D. N.Y., 84 F.Supp. 889, and Dickens v. Jackson, D.C.E.D.N.Y., 71 F.Supp. 753.

 The plaintiff asserts that the United States Attorney, not having appeared for Warner, may not make the motion in his behalf. In the Dickens case, Judge Byers granted the motion under like circumstances. Furthermore, the Court on its own motion is empowered to act.

The motion is granted.