**ASTOR–HONOR, INC., Plaintiff-Appellant,**

v.

**GROSSET & DUNLAP, INC., Defendant-Appellee,**

and

**William F. Buckley, Jr., Bantam Books, Inc. and Arlington House, Inc., Defendants.**

**No. 702, Docket 35241.**

United States Court of Appeals, Second Circuit.

Submitted March 30, 1971.

Decided April 21, 1971.

Gabriel I. Levy, New York City, for plaintiff-appellant.

Marshall C. Berger, New York City (Weil, Gotshal & Manges, New York City, of counsel), for defendant-appellee.

Before LUMBARD, Chief Judge, FRIENDLY and KAUFMAN, Circuit Judges.

FRIENDLY, Circuit Judge:

Astor-Honor, Inc. ("Astor"), a corporation organized and having its principal place of business in New York, brought this action in the District Court for the Southern District of New York. The defendants were William F. Buckley, Jr., a citizen of Connecticut, and three corporations all organized in New York and, like Astor, having their principal places of business in the Southern District. These were Grosset & Dunlap, Inc. ("Grosset"); its wholly-owned subsidiary, Bantam Books, Inc. ("Bantam"); and Arlington House, Inc. ("Arlington"). The gravamen of the complaint was this: By a contract dated July 10, 1959, Buckley had granted Astor rights, which for present purposes can be characterized as exclusive, to publish and license publication of his book "Up From Liberalism." In accordance with the contract Astor registered the copyright in Buckley's name and published the book. However, on August 21, 1967, Buckley purported to terminate the contract and subsequently entered into agreements with Bantam and Arlington for publication and sale of the book.

The complaint contained four counts. The first, asserted against Buckley alone, was essentially for breach of contract although it also asserted that his permitting publication of the book by Bantam and Arlington constituted an unfair trade practice and unfair competition. The second count, asserted against Buckley and Bantam, and the fourth, asserted against Buckley and Arlington, were essentially for copyright infringment, although allegations of unfair trade practices and unfair competition were again thrown in for good measure. The third count, with which we are concerned, alleged a conspiracy on the part of Buckley, Grosset and Bantam to infringe Astor's copyright. Although the count is opaquely worded, its theory seems to be this: In December 1966, Astor entered into agreements appointing Grosset exclusive distributor of all books published by Astor. At that time, Astor owed Buckley $1,563.25 with respect to "Up From Liberalism." Grosset agreed to pay this obligation to Buckley out of monies that would become due from it to Astor under the distribution agreements. In February 1967, Grosset advised Astor it was doing this. However, with Buckley's consent, Grosset made no such payments, although Buckley led Astor to believe that he had been paid. Then, in August 1967, with non-payment of royalties as a pretext, Buckley notified Astor that he was terminating the exclusive publication contract and entered into an agreement licensing Bantam to publish the book, which Bantam did the following year. Although Buckley and Bantam were charged incidentally in this

count with copyright infringement, as they had been in the second, the major claim, and the only one lodged in so many words against Grosset, was that the conspiracy constituted an unfair trade practice and unfair competition on the part of all three defendants.

Grosset moved to dismiss the third count with respect to it. It contended that the claim was one which arose under state law and as to which the complete diversity of citizenship required by 28 U.S.C. § 1332(a) did not exist, and that, although the third count might be regarded as "pendent" with respect to Buckley and Bantam who were properly made defendants in other counts, the pendent jurisdiction doctrine does not empower a federal court to render judgment against a defendant who was not a party to any claim of which the court had independent jurisdiction. Astor did not argue either in the district court or here that the third count asserted a claim against Grosset arising under the copyright law, 28 U.S.C. § 1338(a), although we would not have regarded such a contention as frivolous. See Nimmer on Copyright § 134.1 (1970). The district judge accepted, in all likelihood correctly, Astor's characterization of its claim for inducing breach of contract as one for "unfair competition" within 28 U.S.C. § 1338(b).[1] See 2 Callmann, Unfair Competition, Trademarks and Monopolies, ch. 9 (3d ed. 1968); Prosser, Torts § 123 (3d ed. 1964). He nevertheless granted the motion, relying on "the general proposition that a state claim against one defendant cannot append to a federal claim against another" and perceiving no reason why the general rule should not apply to a case coming within the letter of § 1338(b). From this ruling Astor has appealed.

There are indeed many statements supporting "the general proposition" enunciated by the district court, notably, for our purposes, that in Wasserman v. Perugini, 173 F.2d 305, 306 (2 Cir. 1949), where this court declared that in the absence of diversity, a federal court did not have jurisdiction over individual defendants on a state tort claim arising from the same accident which was the basis of a separate count against the United States under the Federal Tort Claims Act. However, "[c]ases antedating [United Mine Workers (of America) v. Gibbs, 383 U.S. 715 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966),] that denied judicial power, i. e., jurisdiction, over the pendent claim are suspect as authority." 3A Moore, Federal Practice ¶ 18.07[1.–4] (1970). The Gibbs Court described the proper test of pendent jurisdiction as follows, 383 U.S. at 725, 86 S.Ct. at 1138:

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

Although the pendent claim in *Gibbs* did not include a party not named in the federal claim, Mr. Justice Brennan's language and the common sense considerations underlying it seem broad enough to cover that problem also. See Note, UMW v. Gibbs and Pendent Jurisdiction, 81 Harv.L.Rev. 657, 664 (1968). A plaintiff with claims against three alleged conspirators for the same set of acts "would ordinarily be expected to try them all in one judicial proceeding," assuming that all defendants were subject to the process of the court.[2] It would

---

1. "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trademark laws."

2. A different case would be presented here if Grosset could have been subjected to

jurisdiction in the Southern District of New York only by nationwide service of process or if venue against it would be improper. But Grosset was subject to process in the Southern District of New York, and both the federal and the state claims "arose" in that district, cf. 28 U.S.C. § 1391.

**630**

be an unjustifiable waste of judicial and professional time—indeed, a travesty on sound judicial administration—to allow Astor to try its unfair competition claim against Buckley and Bantam in federal court but to require it to prosecute a claim involving precisely the same facts against Grosset "in a State court a block away." [3] The absence of any constitutional barrier to entertaining a sufficiently related state claim against a person who was not party to the federal claim was recognized, prior to *Gibbs*, in cases involving compulsory counterclaims under F.R.Civ.P. 13(a), United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213 (2 Cir. 1955), and third party claims under F.R.Civ.P. 14, Dery v. Wyer, 265 F.2d 804 (2 Cir. 1959); Pennsylvania R.R. v. Erie Ave. Warehouse Co., 302 F.2d 843 (3 Cir. 1962). The only post-*Gibbs* court of appeals decision that has been called to our attention which involved the joinder as defendants of persons not parties to the claim supporting federal jurisdiction is Williams v. United States, 405 F.2d 951, 955 (9 Cir. 1969). This presented the same problem as this court had faced, long before *Gibbs*, in Wasserman v. Perugini, *supra*, namely, the joinder of defendants as to whom there was no diversity with a claim for the same injury against the United States under the Federal Tort Claims Act. Although the *Williams* court approved the district court's dismissal of these defendants, we are not at all sure we would agree with this insofar as the decision rested on a general theory of lack of power. There may, of course, be special reasons for a court's exercising its discretion against joinder in such a case particularly if the plaintiff demands a jury trial against the joined defendants or *vice versa*. See 3A Moore, Federal Practice ¶¶ 18.07[3], 20.07[3].

While we are thus inclined to the view that a federal court may in its discretion entertain a state claim against a party

not named in the federal claim if the state claim meets the *Gibbs* test, we are not required to decide that issue here. The third count falls within the letter of 28 U.S.C. § 1338(b), see n. 1, added in the revision of 1948. While there is nothing in the Reviser's Note, see 3A Moore, Federal Practice ¶ 18.07[1.–2] n. 13, to show that he focused on the problem of a pendent unfair competition claim involving an additional party as to whom no other ground of federal jurisdiction existed, nothing indicates that he would have wished to exclude such a case from the new provision if he had thought about it. There appear to be no post-*Gibbs* court of appeals decisions raising the instant problem under § 1338 (b). The district court cases are divided, with Bevan v. Columbia Broadcasting System, Inc., 293 F.Supp. 1366 (S.D.N.Y.1968), and Ellicott Machine Corp. v. Wiley Mfg. Co., 297 F.Supp. 1044 (D.Md.1969), like the lower court here, holding against jurisdiction of a party not named as a defendant in the copyright, patent or trademark claim, and American Foresight of Philadelphia, Inc. v. Fine Arts Sterling Silver, Inc., 268 F.Supp. 656 (E.D.Pa.1967), to the contrary. Since the letter of the statute upholds jurisdiction and that result is manifestly desirable, we see no reason not to read it that way.

We thus hold the district court erred in concluding it lacked power to consider the claim asserted against Grosset in the third count. If that count meets the test of sufficient relationship to the federal claims, an issue on which the district judge did not find it necessary to pass, no one suggests there would be any proper basis for exercising discretion so as to exclude Grosset. By leaving the question of sufficient relationship open for further consideration by the district judge if anyone desires this, we do not mean to intimate any negative view.

Reversed.

---

3. The phrase, of course, is from Guaranty Trust Co. of New York v. York, 326 U.S.

99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945).