David A. SCHULMAN, individually and doing business as Dase Company, Plaintiff,

v.

HUCK FINN, INC., a Minnesota corporation, et al., Defendants.

No. 4-72-Civ. 133.

United States District Court,
D. Minnesota,
Fourth Division.

June 6, 1972.

Lester L. Sokol, Minneapolis, Minn., for plaintiff.

Jack D. Elmquist, Carlson, Greiner & Law, Minneapolis, Minn., for Solar Plastics, Inc. and Donald Berquist; John D. Gould, Merchant & Gould, Minneapolis, Minn., of counsel.

Dugger, Johnson & Westman, Minneapolis, Minn., for Huck Finn, Inc., and Richard Reynolds.

## MEMORANDUM DECISION

LARSON, District Judge.

The complaint in this action asserts two causes of action: the first is for patent infringement; the second, although not specifically referred to as such in the complaint, is apparently for unfair competition. The second cause of action charges the defendants, inter alia, with breach of implied contract, breach of confidential relationship and misappropriation of confidential information. Both causes of action are asserted against all four defendants. The four defendants are Solar Plastics, Inc., which apparently is a Minnesota corporation; Donald Berquist, president of Solar Plastics, Inc.; Huck Finn, Inc., a Minnesota corporation; and Richard Reynolds. Mr. Reynolds' official relationship to the corporate defendants, if any, is not made clear from the information which has been submitted to the Court. There is no diversity of citizenship.

This action is presently before the Court on a motion by two of the defendants, Solar Plastics, Inc., and Donald Berquist, to dismiss the first cause of action with respect to them for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment on the first cause of action with respect to them, and to dismiss the second cause of action with respect to them for lack of jurisdiction over the subject matter. The motion was argued to the Court on April 13, 1972.

The facts which underlie this dispute are as follows: Plaintiff claims to have developed in 1966 a unique float concept designed for use in pontoons for pontoon boats. Shortly thereafter he applied for a patent on this float concept. The patent was ultimately issued on October 26, 1971.

Meanwhile plaintiff had dealt with three of the defendants concerning the possibility of producing these pontoon floats commercially. He first consulted with defendants Berquist and Solar Plastics, Inc., who, plaintiff claims, then

arranged for him to meet with defendant Reynolds. Plaintiff claims to have entered into a confidential relationship with these three defendants and to have disclosed to them information concerning his invention. Plaintiff also claims that he and these three defendants entered into an implied oral contract pursuant to which plaintiff would receive a 10% royalty for any use made of his invention by the defendants.

Plaintiff asserts that these defendants subsequently formed a corporation (Huck Finn, Inc.) to produce and sell pontoons using this float concept, and that this corporation did in fact produce and sell such pontoons. He further claims that the defendants conspired together to deprive him of any compensation arising from the sales of these pontoons, and that they did in fact deprive him of any such compensation.

The present motion by defendants Berquist and Solar Plastics, Inc., can be disposed of most efficiently if each cause of action is dealt with separately.

### I.

With regard to the first cause of action, defendant Berquist has submitted an affidavit in which he asserts that Solar Plastics, Inc., did produce pontoon structures between 1968 and 1970, but that in 1970 it sold its entire pontoon operation to Huck Finn, Inc., and that since that time it has not been involved in the production or sale of any such pontoon structures. Based on these assertions, the moving defendants claim that since plaintiff's patent was not issued until October 26, 1971, and since by that time they (the moving defendants) had completely divested themselves of their pontoon business, they could not possibly have been infringing on plaintiff's patent.

Since this affidavit in support of the two defendants' motion has been presented to and not excluded by the Court, the motion, as it pertains to the first cause of action, will be treated, as is proposed alternatively by the defendants in their motion papers, as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1]

Plaintiff, although given ample opportunity to do so, has submitted no response to the Berquist affidavit. Rule 56(e) deals specifically with such a situation. It provides in pertinent part as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ Since in the instant case plaintiff has made no attempt to set forth any specific facts showing that there is a genuine issue for trial with regard to the patent infringement claim against the two moving defendants, the Court must assume that there is no such genuine issue. Summary judgment will therefore be entered against plaintiff with regard to his first cause of action against defendants Berquist and Solar Plastics, Inc.

### II.

In support of their motion to dismiss the second cause of action, the two defendants contend that since there is no valid patent infringement claim against them, the Court does not have, or at

---

1. See Fed.R.Civ.P. 12(b) which provides, inter alia, as follows:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

least should not exercise, pendent jurisdiction over the second cause of action against them.

Plaintiff, however, argues that regardless of the fact that he may not have a valid patent infringement claim against the two moving defendants, the Court nevertheless has jurisdiction over the second cause of action against these two defendants by virtue of 28 U.S.C. § 1338(b).

Section 1338(b) provides as follows: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws."

In order for the Court to determine whether it has jurisdiction under this statute over plaintiff's second cause of action against the two moving defendants, various questions must be answered. The first of these questions is whether the second cause of action asserts a claim of "unfair competition" against the two moving defendants.

■ In determining whether the complaint states such a claim, the following quotation from 55 Am.Jur.2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 696 (1971), is relevant:

"Originally, the law of unfair competition dealt generally with the palming off of one's goods as those of a rival trader. Later, unfair competition was extended to outlawing 'parasitism' under the principle that one may not appropriate a competitor's skill, expenditures, and labor. Today, the incalculable variety of illegal commercial practices denominated as unfair competition is proportionate to the unlimited igenuity which overreaching entrepreneurs and trade pirates put to use." (Footnotes omitted.)

Furthermore, it appears that acts constituting a misappropriation of trade secrets fall within this broad definition of what constitutes "unfair competition." 55 Am.Jur.2d Monopolies, Restraints of Trade, and Unfair Trade Practices § 704 (1971). See also 19 Dunnell Minn.Dig. Unfair Competition §§ 9953–9955a (1956).

■ In light of this broad definition of what constitutes "unfair competition" this Court is not prepared to find at this time that plaintiff's second cause of action against the two moving defendants fails to state a claim of "unfair competition" within the meaning of § 1338(b). It may be that plaintiff will be unable to prove at trial that the defendants are in fact guilty of unfair competition, but, for the purposes of the instant motion, the Court finds that plaintiff's allegations of breach of implied contract, breach of confidential relationship and misappropriation of confidential information do state a claim of "unfair competition" within the meaning of § 1338(b).

The Court therefore must turn to the question of whether this unfair competition claim has been "joined with a substantial and related claim under the . . . patent . . . laws" as is also required by § 1338(b).

To begin with, since the defendants Reynolds and Huck Finn, Inc., have not as yet responded to the charges contained in plaintiff's complaint, there can be no doubt at this point that the patent infringement claim against these two defendants is a "substantial" one. The more difficult question is whether the unfair competition claim against the two moving defendants is "related"—within the meaning of § 1338(b)—to the patent infringement claim against Reynolds and Huck Finn, Inc. If this question is answered in the affirmative, then this Court has the power under § 1338(b) to exercise jurisdiction over plaintiff's unfair competition claim against the two moving defendants.

The moving defendants argue that the pendent jurisdiction conferred by this statute applies only to situations in which the defendants in the unfair com-

petition action are the same as the defendants in the patent infringement action. They therefore claim that since they are no longer defendants in the patent infringement action, the Court cannot exercise jurisdiction over the unfair competition action against them.

■ This argument, however, is not supported by the express language of the statute. Section 1338(b) contains no requirement that the defendants in the unfair competition action be the same as the defendants in the patent infringement action. The statute merely requires that the two claims be "related."

An analysis of the plaintiff's claims in the instant action has convinced this Court that the claim of unfair competition against the two moving defendants is sufficiently related to the patent infringement claim against Reynolds and Huck Finn, Inc., to come within the letter of § 1338(b). This Court therefore holds that it does have jurisdiction under § 1338(b) to entertain plaintiff's second cause of action against the two moving defendants.

Persuasive authority for this holding can be found in the recent decision of the Second Circuit Court of Appeals in Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627 (2nd Cir.1971). In that case the Second Circuit was faced with a problem very similar to that presented to this Court in the instant case. Astor-Honor, Inc., had brought suit against four defendants. Three of the defendants were charged in various counts of the complaint with copyright infringement. A separate count stated a claim for unfair competition against two of these defendants plus the fourth defendant. The fourth defendant was not charged with copyright infringement. The District Court granted this fourth defendant's motion to dismiss the unfair competition claim with respect to it, holding that a State claim against one defendant cannot append to a Federal claim against another. The Second

Circuit reversed. It held that the count charging unfair competition against this fourth defendant fell within the letter of § 1338(b), and that the District Court therefore had power to exercise jurisdiction over this unfair competition claim regardless of the fact that the fourth defendant was not charged with copyright infringement, provided that the unfair competition claim bore a sufficient relationship to the copyright infringement claims. The Court then intimated very strongly that, although not faced with this question, it felt that the unfair competition claim in that case did bear such a sufficient relationship to the copyright infringement claims.

In reaching this decision, the Second Circuit did not simply examine the language of the statute. It also conducted an examination of the more general doctrine of pendent jurisdiction, including a discussion of the reasoning of the United States Supreme Court in the leading case of United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The following quotation from this discussion is particularly relevant to the instant case:

"There are indeed many statements supporting 'the general proposition' enunciated by the district court, notably, for our purposes, that in Wasserman v. Perugini, 173 F.2d 305, 306 (2 Cir.1949), where this court declared that in the absence of diversity, a federal court did not have jurisdiction over individual defendants on a state tort claim arising from the same accident which was the basis of a separate count against the United States under the Federal Tort Claims Act. However, '[c]ases antedating [United Mine Workers (of America) v. Gibbs, 383 U.S. 715 [86 S.Ct. 1130, 16 L.Ed. 2d 218] (1966),] that denied judicial power, i. e., jurisdiction, over the pendent claim are suspect as authority.' 3A Moore, Federal Practice Para. 18.-07 [1.–4] (1970). The Gibbs Court described the proper test of pendent

jurisdiction as follows, 383 U.S. at 725, 86 S.Ct. at 1138:

> The state and federal claims must derive from a common nucleus of operative fact. But if considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

Although the pendent claim in *Gibbs* did not include a party not named in the federal claim, Mr. Justice Brennan's language and the common sense considerations underlying it seem broad enough to cover that problem also. See Note, UMW v. Gibbs and Pendent Jurisdiction, 81 Harv.L.Rev. 657, 664 (1968). A plaintiff with claims against three alleged conspirators for the same set of acts 'would ordinarily be expected to try them all in one judicial proceeding,' assuming that all defendants were subject to the process of the court. It would be an unjustifiable waste of judicial and professional time—indeed, a travesty on sound judicial administration—to allow Astor to try its unfair competition claim against Buckley and Bantam in federal court but to require it to prosecute a claim involving precisely the same facts against Grosset 'in a State court a block away.'" 441 F.2d at 629–630 (Footnotes omitted.).

The Court then went on to state that while it was inclined to the view that a Federal court may in its discretion entertain a State claim against a party not named in the Federal claim if the State claim meets the *Gibbs* test, it was not required to decide that issue in this case, because the State claim in this case fell directly within the letter of § 1338(b). In a subsequent case, however, relying on its earlier discussion in *Astor-Honor*, the Second Circuit did hold that an admiralty claim against one defendant supported pendent jurisdiction over a closely related State law claim against another defendant. Leather's Best, Inc. v. S.S. Mormaclynx, 451 F.2d 800 (2nd Cir.1971).

These decisions are extremely relevant to the situation presented by the instant case. Applying the *Gibbs* test to the facts of the instant case, it is clear that the State claim against Berquist and Solar Plastics, Inc., and the Federal claim against Reynolds and Huck Finn, Inc., both derived from a common nucleus of operative fact. And it is also clear that if plaintiff's claims are considered without regard to their Federal or State character, they are such that he would ordinarily be expected to try them all in one judicial proceeding. Furthermore just as in the two Second Circuit cases, this Court feels that it would be an unjustifiable waste of judicial and professional time—indeed, a travesty on sound judicial administration—to allow plaintiff to try his unfair competition claim against Reynolds and Huck Finn, Inc., in Federal court but to require him to prosecute a claim involving precisely the same facts against Berquist and Solar Plastics, Inc., in a State court a block away.

This Court therefore finds—as an alternative to the holding stated *supra*—that, even if plaintiff's second cause of action against the two moving defendants does not state a claim of "unfair competition" and thus does not fall within § 1338(b), the Court nevertheless has the power to exercise jurisdiction over these State law claims by virtue of the more general doctrine of pendent jurisdiction.

■ Having determined that the Court does have the power to exercise jurisdiction over plaintiff's second cause of action against the two moving defendants, the question still remains whether the Court, in its discretion, should exercise that jurisdiction. In this regard, the Supreme Court has indicated that the justification for the exercise of pendent jurisdiction "lies in considerations of judicial economy, conven-

ience and fairness to litigants." United Mine Workers of America v. Gibbs, *supra*, 383 U.S. at 726, 86 S.Ct. at 1139. From the foregoing discussion it should be clear that in the instant case these factors militate strongly in favor of an exercise of the Court's pendent jurisdiction. The Court therefore will exercise its pendent jurisdiction over the plaintiff's second cause of action against the two moving defendants.

The motion for summary judgment in favor of defendants Berquist and Solar Plastics, Inc., on plaintiff's first cause of action is granted. In all other respects the defendants' motion is denied.