**SOUTHEASTERN LUMBER MANUFAC-TURERS ASSOCIATION, INC., Voluntary Employee Benefit Plan et al., Plaintiffs,**

v.

**The WALTHOUR AGENCY, INC., et al., Defendants.**

**Civ. A. No. C79–1856A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 24, 1980.

C. B. Rogers, Rogers & Hardin, Atlanta, Ga., for plaintiffs.

Richard A. Gordon, Berthold & Gordon, Smyrna, Ga., for W. L. Walthour & The Walthour Agency, Inc.

Ben Kingree, III, H. Sanders Carter, Jr., Thomas E. Magill, Carter, Ansely, Smith & McLendon, Atlanta, Ga., for Massachusetts Mut. Life Ins. Co.

Warren S. Shulman, Irwin W. Stolz, Jr., Stolz & Shulman, Atlanta, Ga., for James Carr, W. R. Thompson, David F. Sprunk, Carr, Thompson & Sprunk, Carr & Sprunk.

## ORDER

ROBERT H. HALL, District Judge.

The Southeastern Lumber Manufacturers Assoc., Inc., (SLMA) is a trade association which created the SLMA Voluntary Employee Benefit Plan (SLMA Plan) and the SLMA Voluntary Benefit Trust (SLMA Trust). The SLMA Plan and Trust allegedly constitute an employee welfare benefit plan under Section 3 of the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1002(1).

The SLMA Plan, Trust and Trustees are plaintiffs in this suit against The Walthour Agency; its president, William Walthour; Massachusetts Mutual Life Insurance Co.; Carr & Sprunk, an accounting firm; two partners in the firm, James Carr and David Sprunk; and Robert Thompson, a partner in Carr, Thompson and Sprunk. Plaintiffs have alleged that The Walthour Agency, William Walthour and Massachusetts Mutual are all fiduciaries of the SLMA Plan under Section 3 of ERISA. 29 U.S.C. § 1002. This court has subject matter jurisdiction of claimed violations of ERISA under 29 U.S.C. § 1132(e)(1). Plaintiffs allege that this court has subject matter jurisdiction of claims based on state law against these defendants under the doctrine of pendent jurisdiction. Plaintiffs also contend that this court's pendent jurisdiction affords a basis for the court's jurisdiction over additional parties, the accounting firm and its partners.

The accounting firm and its partners have moved the court to dismiss the claim against them either because the court lacks subject matter jurisdiction under the pendent jurisdiction doctrine, or because the court should, in the exercise of its discretion, refuse to exercise pendent jurisdiction over the accounting malpractice claims.[1]

The leading case on pendent jurisdiction is *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Supreme Court stated, "Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United

---

1. The Supreme Court stated in *Moor v. County of Alameda*, 411 U.S. 693, 713–715, 93 S.Ct. 1785, 1797–1799, 36 L.Ed.2d 596 (1973), that a plaintiff's attempt to bring in an additional party of whom no independent federal jurisdiction exists to adjudicate claims based solely on state law implicates the doctrine of ancillary jurisdiction as well as that of pendent jurisdiction. *See Leather's Best, Inc. v. S. S. Mormaclynx*, 451 F.2d 800, 809–11 (2d Cir. 1971); *Astor-Honor, Inc. v. Grossett & Dunlap, Inc.*, 441 F.2d 627, 630 (2d Cir. 1971).

States, and Treaties made . . . under their Authority . . . ,' U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' " *Id.* at 725, 86 S.Ct. at 1138. Although *Gibbs* dealt with pendent claims, its rationale has also been applied to pendent parties. *E. g., Leather's Best, Inc. v. S. S. Mormaclynx,* 451 F.2d 800 (2d Cir. 1971); *Connecticut General Life Insurance Co. v. Craton,* 405 F.2d 41 (5th Cir. 1968).

■ In *Gibbs,* the Supreme Court stated that the first prerequisite to the power of a federal court to resolve a state issue is that the case present a claim involving a substantial federal question.[2] The second condition is that the state and federal claims "derive from a common nucleus of operative fact." Finally, the two claims must be such that, were it not for their disparate federal and state character, the plaintiff would ordinarily be expected to try them in one proceeding.

■ The more recent case of *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), has clarified *Gibbs.* The Supreme Court noted in *Aldinger* that the jurisdiction of the federal courts is limited not only by the Constitution but by congressionally enacted jurisdictional statutes. Before exercising its pendent jurisdiction, the court must determine that the exercise is within both its statutory and its constitutional power. *Id.* at 17, 96 S.Ct. at 2421. This inquiry requires an exploration of the intent of Congress in enacting the particular section under which jurisdiction is

pitched.[3] 3A Moore's Federal Practice ¶ 20.07[5] (1970).

■ The court finds that the SLMA parties' complaint satisfies all the prerequisites articulated in *Gibbs* and in *Aldinger* for the exercise of the court's constitutional and statutory power. The complaint states a valid claim for relief under ERISA. The claim is not "obviously without merit" or clearly unsound because foreclosed by prior decisions of the Supreme Court. *Hagans v. Lavine,* 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974); *Levering & Garrigues Co. v. Morrin,* 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933). There plainly exists jurisdiction for the claims raised under ERISA. 29 U.S.C. § 1132(e)(1).

The second prerequisite is that the plaintiffs' state and federal claims "derive from a common nucleus of operative fact." The accounting firm's most serious attack on this court's pendent jurisdiction is based on the assertion that the claims against it and the claims against the trust and plan managers and Massachusetts Mutual do not derive from a "common nucleus of operative fact." The court disagrees. The SLMA Plan, Trust and Trustees claim that the Plan and Trust were mismanaged for a two year period which resulted in substantial financial losses to the Plan and Trust. Among other things, the complaint alleges that The Walthour Agency collected premiums which it failed to remit to Massachusetts Mutual, the Plan insurer, and that the defendant accounting firm and accountants negligently audited the books of the trust

**2.** Courts since *Gibbs* have applied its analysis not only to cases "arising under" federal law but to cases where federal jurisdiction is conferred through diversity of citizenship and the requisite amount in controversy. 28 U.S.C. § 1332(a). Thus in *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), the Supreme Court applied the *Gibbs* test in a diversity case in which the plaintiff attempted to assert pendent jurisdiction over a nondiverse party. The court termed a "federal claim" one as to which an independent basis for federal jurisdiction exists and a "nonfederal claim" one as to which no

independent basis for federal jurisdiction exists. *Id.* at 372, n. 11, 98 S.Ct. at 2402.

**3.** The Supreme Court has found that a federal court's jurisdiction was cut short of its possible constitutional limits by Congress' subject matter jurisdictional grant in *Aldinger v. Howard, supra* (no pendent party jurisdiction over a county against which only state law claims asserted where federal claims against other parties were brought under 42 U.S.C. §§ 1343(c) and 1983) and *Owen Equipment and Erection Co. v. Kroger, supra* (no pendent party jurisdiction in diversity case over nondiverse defendant).

and negligently failed to discover that the premiums were missing. As to these premiums, the complaint alleges one loss and describes alternative theories as to who is responsible. This meets the requirement of a common nucleus of operative fact.

For similar reasons, apart from the federal and state origin of the claims, the plaintiff would expect to bring all the claims in one suit.

The court also finds that the jurisdictional statute in this case clearly does *not* contemplate that the parties sought to be made pendent should be excluded. The statute granting to federal courts jurisdiction of claims brought under ERISA states, with certain inapplicable exceptions, that "the district courts of the United States shall have *exclusive jurisdiction* of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary" [emphasis added]. The district courts are granted jurisdiction "without respect to the amount in controversy or the citizenship of the parties." 29 U.S.C. § 1132(f). This court interprets these sections as indicating the intent of Congress that federal courts develop the law surrounding ERISA plans and that the federal forum be the exclusive one for redress of violations of ERISA. The situation presented in this case is contrary to that of *Aldinger v. Howard, supra,* or of *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The court therefore finds that it has the constitutional and statutory authority to exercise pendent jurisdiction over the accountants and accounting firm.

The sole issue which remains to be decided is whether this court, in the exercise of its discretion, should decline to exercise pendent jurisdiction over the additional parties. The justifications for pendent jurisdiction are "judicial economy, convenience and fairness to litigants." *United Mine Workers v. Gibbs,* 383 U.S. at 724, 726, 86 S.Ct. at 1139. In *Aldinger v. Howard,* the court indicated that "[w]hen the grant of jurisdiction to a federal court is exclusive, . . . the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together." 427 U.S. at 18, 96 S.Ct. at 2422.

The sole forum before which plaintiffs can seek resolution of all the issues of trust and plan mismanagement is this court. To refuse to exercise pendent jurisdiction would require plaintiffs to bring two separate law suits, one in federal court and one in state court, with all the attendant trouble and expense. Moreover, plaintiffs have asserted as to the missing insurance premiums one loss and alternative liability. If plaintiffs must bifurcate their case, they run the risk that each trier of fact will find that the absent defendant is the party properly liable. 3A Moore's Federal Practice ¶ 20.07[5.–1], pp. 20–81 and 82 (1970). The case now pending before the court can be viewed as "one case" because (1) a unitary trial could not be had in state court without sacrificing the ERISA claims and (2) trying the case in fractions might affect the justice of the result. *Id.*

Defendants have also argued that the court should decline to exercise its jurisdiction because accounting malpractice claims involve difficult, unresolved issues of Georgia law which this court should be reluctant to entertain. Although accounting malpractice may not be frequently litigated in Georgia, the principles governing *professional malpractice* cases have been well defined. This consideration does not outweigh other justifications for the court's exercise of its discretion in maintaining jurisdiction over the accounting firm and its partners.

The court therefore determines that the exercise of pendent jurisdiction is proper in this case.

Defendants' motion to dismiss is DENIED.